# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### ROCK HILL DIVISION

| | |
|---|---|
| Fred Goins Jr., | |
| Plaintiff, | Civil Action No.: 0:14-3677-TLW |
| v. | |
| Verizon Wireless; and DOES 1-10, inclusive, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| Defendants. | |

For this Complaint, Plaintiff, Fred Goins Jr., by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. Plaintiff, Fred Goins Jr. ("Plaintiff"), is an adult individual residing in Rock Hill, South Carolina, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

5. Defendant, Verizon Wireless ("Verizon"), is a New York business entity with an address of 2000 Corporate Drive, Orangeburg, New York 10962, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

6. Does 1-10 (the "Agents") are individual agents employed by Verizon and whose identities are currently unknown to Plaintiff. One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

7. Verizon at all times acted by and through one or more of the Agents.

**FACTS**

8. Within the four last years, Verizon contacted the Plaintiff in an attempt to collect a financial obligation (the "Debt") from a person other than Plaintiff (the "Debtor").

9. During all times mentioned herein, Verizon called Plaintiff on his cellular telephone using an automatic telephone dialing system by using a prerecorded or artificial message on a cellular telephone.

10. The last four digits of Plaintiff's cellular telephone number are 3307.

11. Verizon used an automated voice when placing calls to Plaintiff indicating it was attempting to reach the Debtor.

12. When Plaintiff answered the calls from Verizon, he was met with a prerecorded message instructing him to press a number if he was the Debtor.

13. Plaintiff has received calls from phone numbers belonging to Verizon that end in the following four digits: 8385, 8340, 8323, and 9986.

14. Plaintiff followed the automated prompt in an attempt to get the calls to stop. During a live conversation in August 2014, Plaintiff informed Verizon that it was calling his personal cellular telephone and that the Debtor was unreachable at his telephone number; as such, Plaintiff requested all calls stop.

15. Despite Plaintiff's request and knowing the Debtor could not be reached at Plaintiff's cellular telephone number, Verizon continued calling Plaintiff in an attempt to collect

the Debt at an annoying and harassing rate, placing several calls thereafter using the same automatic telephone dialing system.

## COUNT IV

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, et seq.

16. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. Without prior consent Verizon contacted the Plaintiff by means of automatic telephone calls or prerecorded messages at a cellular telephone in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

18. Defendants continued to place automated calls to Plaintiff's cellular telephone after being advised multiple times it had the wrong number and knowing there was no consent to continue the calls. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

19. The telephone number called by Verizon was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

20. The calls from Verizon to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

21. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

22. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against the Defendants:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

3. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: September 17, 2014

                      Respectfully submitted,

                      By _____

                      Brian J. Headley, Attorney at Law
                      District of South Carolina Bar ID No. 11427
                      The Headley Law Firm
                      1156 Bowman Rd., Suite 200
                      Mount Pleasant, SC  29464
                      Telephone: (843) 375-6181
                      Facsimile: (843) 375-6185s
                      bjheadley@yahoo.com
                      bheadley@lemberglaw.com

                      Of Counsel To
                      Sergei Lemberg
                      LEMBERG LAW L.L.C.
                      A Connecticut Law Firm
                      1100 Summer Street, 3rd Floor
                      Stamford, CT 06905
                      Telephone: (203) 653-2250
                      Facsimile:  (888) 953-6237